**GRIFFENHAGEN–KROEGER, INC.**

v.

**CITY OF PHILADELPHIA.**

Civ. A. No. 77–896.

United States District Court,
E. D. Pennsylvania.

April 27, 1977.

Louis M. Rothbard, San Francisco, Cal., for plaintiff.

Charles O'Connell, III, Asst. City Sol., Philadelphia, Pa., for defendant.

MEMORANDUM

GORBEY, District Judge.

The plaintiff is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 351 California Street, San Francisco, California. The defendant, City of Philadelphia, is a chartered City duly organized under the laws of the Commonwealth of Pennsylvania, and located within the Commonwealth of Pennsylvania. Jurisdiction is based upon diversity of citizenship and amount in controversy in excess of $10,000 exclusive of interest and costs.

The complaint alleges a breach of contract which calls for services to be rendered to the defendant by the plaintiff within the City of Philadelphia. Suit was filed in the United States District Court for the Northern District of California on November 29, 1976, and plaintiff's summons and complaint were directed to the U.S. Marshal for service upon the chief executive officer of the City of Philadelphia, and the Marshal's return, on file with the court, indicates service was duly made at the defendant's law department on December 15, 1976.

On January 10, 1977, defendant filed a motion to dismiss the complaint for improper service and improper venue.

After a hearing on February 17, 1977, the United States District Court for the Northern District of California issued an order transferring the action to the United States District Court for the Eastern District of Pennsylvania.

The plaintiff has filed a motion for partial summary judgment on Count I of the complaint [1] in the amount of $22,353.06, the unpaid balance of a total contract price of $57,655. Although plaintiff contends that there has been full performance of the contract on its part, defendant's reason for refusing payment is found in a letter from Philip Carroll, Deputy Mayor of Philadelphia, dated July 21, 1976, to Mr. Edward Hamilton of Griffenhagen-Kroeger, Inc.,

---

1. Count II of the complaint seeks consequential and incidental damages in the amount of $695,000.00; Count III asserts a claim for punitive damages in the sum of $1,000,000.00. Count IV asserts a claim for restitution in the amount of $34,698.06 with 7% interest from June 15, 1976.

Exhibit G of the complaint, in which the letter in relevant part states:

". . . DCA is especially concerned that the report does not include specific recommendations concerning the use of DCA funds provided to the City. Such recommendations were required as a part of the City's contract with DCA and were incorporated by reference (Paragraph 5) in the City's contract with Griffenhagen-Kroeger.

This requirement must be satisfied prior to the disbursement of any additional funds to G–K."

Plaintiff urges that defendant's contention is without merit since the contract between plaintiff and defendant was submitted to plaintiff for execution on May 9, 1975, and the recommendations requested by DCA are pursuant to an agreement between the defendant and the Commonwealth of Pennsylvania executed on or about August 6, 1975. Paragraph 5 of the contract provides:

"All services rendered and documents prepared by consultant shall strictly conform to all laws, statutes and ordinances and the applicable rules and regulations and the methods and procedures of all governmental boards, bureaus, officers and commissions and other agencies."

This paragraph is particularly significant when considered along with the last sentence of paragraph 2 which reads in part:

"It is also understood and agreed that this *contract is funded pursuant to state and federal grants,* and that if for any reason said grant funds become unavailable, all obligations under this agreement shall cease." (Emphasis added)

Furthermore, Exhibit A of the complaint, bearing date March 31, 1975, is entitled "Scope of Services for Griffenhagen-Kroeger Participation in the Philadelphia Policy Study." It includes three phases, the third of which is entitled "Formulation of Program Elements for Philadelphia Housing Strategy". The second provides as follows:

"Griffenhagen-Kroeger's responsibilities in the final stage of the housing policy study will be to produce recommenda-

tions for City and State programmatic, organizational and legislative changes which will define the City's presence in the housing area. The mix of recommendations proposed, both programmatic and process, will include those detailed elements required to implement comprehensive initiatives in problem areas such as deterioration and housing finance."

Plaintiff's contention that the terms of the contract between City of Philadelphia and DCA executed on or about August 6, 1975, cannot be incorporated by reference in plaintiff's contract with the defendant executed on May 16, 1975 is unsound. In such a situation the net effect of the parties' agreement is to give their assent in advance to the terms of the contemplated contract between Philadelphia and DCA when it is executed. There is no contention here that the contemplated contract was not made. This conclusion is emphasized by the remaining part of paragraph 5 of plaintiff's contract with the defendant which states:

"Further, consultant shall comply with the terms and conditions of the grant agreements pursuant to which this contract is funded. Said grant agreements are attached hereto, made part hereof, and marked Exhibit 'C', Exhibit 'D' and Exhibit 'E'. It is understood that the following grant funds are to be utilized for this contract:

State Department of Community Affairs Grant $28,827.

Federal Department of Housing and Urban Development Comprehensive Planning Assistance Grant $10,500.

Federal Department of Housing and Urban Development Community Development Block Grant $18,328."

The grant in aid agreement between the Commonwealth of Pennsylvania and the Department of Community Affairs in Article XXII specifically states:

"This contract is subject to the following conditions:

(1) The study shall be published and widely distributed not more than 90 days after completion.

(2) See attachment 7A next page.

(3) The study shall include specific recommendations for the use of the Department's funds provided to the city.

(4) All working papers, interim reports and drafts of this study, as well as the final report, shall be submitted to the Philadelphia Regional Office of our Department for review and comment.

(5) A technical advisory committee shall be established to work with the consultant for the duration of the study. The Department's Philadelphia Regional Director will have the right to appoint at least one staff member to sit on such an advisory committee."

This contract was signed on behalf of the City on July 7, 1975 and on behalf of the Commonwealth of Pennsylvania acting through the Department of Community Affairs on August 8, 1975.

The contract also provides in paragraph 13 that:

"All of the services required hereunder of Consultant shall be performed to the satisfaction and approval of the said Coordinator, and Consultant will not be deemed to have rendered and performed the said services unless and until they are so approved."

 In plaintiff's affidavit supporting the motion for summary judgment, paragraph 5 alleges:

"Plaintiff worked closely with numerous members of the defendant's administration throughout the project, and no indication of such a requirement was ever made until after the final report was submitted at which time defendant's payments were long past due."

This suggests a waiver of rights on the part of the City.[2] This, of course, is not conced-ed by the defendant. The City's defense to the complaint is a material breach of contract by the plaintiff.

 In an affidavit filed in behalf of the City in opposition to plaintiff's motion for partial summary judgment, reference is made to a part of the contract which calls for performance to be rendered to the satisfaction and approval of the City of Philadelphia; the affidavit also points out that plaintiff was contacted orally on many occasions as to the deficiencies in their study; also that plaintiff has made no attempt to correct the breach of contract.

Since there is at least one genuine issue as to a material fact, it follows that plaintiff's motion for partial summary judgment must be denied.

---

**2.** This is, however, not in accord with Fed.R. Civ.Proc. 8(c) which requires that a party shall set forth affirmatively, *inter alia*, the defenses of waiver and estoppel. Failure so to do, as a general rule, results in the waiver of such defenses and their exclusion from the case. *Trio Process Corp. v. L. Goldstein's Sons, Inc.,* 461 F.2d 66 (3d Cir. 1972), *cert. den.* 409 U.S. 997, 93 S.Ct. 319, 34 L.Ed.2d 262. Wright and Mil-ler Federal Practice and Procedure, Vol. 5, Sec. 1278.

